ACME REFRIGERATION OF BATON ROUGE, INC., Plaintiff-Appellant,

v.

WHIRLPOOL CORPORATION, Defendant-Appellee.

No. 84–4379.

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1984.

Durrett, Hardin, Hunter, Dameron & Fritchie, Wallace A. Hunter, Baton Rouge, La., for plaintiff-appellant.

Taylor, Porter, Brooks & Phillips, F.W. Middleton, Jr., Baton Rouge, La., Arnstein, Gluck, Lehr, Barron & Milligan, Michael R. Turoff, John L. Ropiequet, Chicago, Ill., for defendant-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

PER CURIAM:

This is a diversity suit brought by Acme Refrigeration of Baton Rouge, Inc., alleging that the defendant, Whirlpool Corporation, cancelled its dealership and distributorship arrangement with Acme in violation of Louisiana law. Plaintiff asserts an "abuse of rights" cause of action based upon defendant's motives, claiming that defendant refused to renew the distributorship contract because plaintiff filed a complaint against defendant on antitrust and damage claims. The district court granted a summary judgment for the defendant on the grounds that the yearly distributorship contract terminated by its own terms as the defendant had a right to do with adequate notice or, in the alternative, that defendant's action was justified since plaintiff's suit against defendant constituted a "serious and legitimate" business motive for refusal to renew the distributorship contract. *Illinois Central Gulf Ry. v. International Harvester Co.*, 368 So.2d 1009, 1015 (La.1979). Plaintiff filed timely appeal from the summary judgment.

We affirm. While it is true that appellant had been the appliance parts distributor for Whirlpool in its assigned area of Louisiana for eight years, the contract under which the distributorship was carried out was an annual contract, terminable by either party with adequate notice. Thus, the distributorship agreement was terminable at will of either party, after carrying out the proper notice, unless the motive for the termination was prohibited in some way by Louisiana law. There is, however, simply no authority in Louisiana law that a general business contract which expires raises the abuse of rights principle when one of the parties decides not to make a new contract.

But whether or not this first justification for the result can stand against an abuse of rights claim, the alternative finding by the trial judge of a "serious and legitimate interest" in the appellee in not renewing the contract is justified in this record. In effect, what the appellant is arguing is that it may charge the defendant with violating the law in its dealings with the plaintiff and then demand that the defendant make a new contract with plaintiff to continue to deal with it. It seems only reasonable to conclude, as the district court did conclude, that the appellee, Whirlpool Corp., could properly decide that it no longer wished to have appellant as a customer. This was a "soured relationship". *Corenswet, Inc. v. Amana Refrigeration, Inc.*, 594 F.2d 129, 138 (5th Cir.), *cert. denied*, 444 U.S. 938, 100 S.Ct. 288, 62 L.Ed.2d 198 (1979).

We need not decide whether the Louisiana abuse of rights doctrine applies. We affirm the district court in finding that the Louisiana law does not prevent someone in an expired contract relationship from refusing to contract anew in that relationship. *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017 (5th Cir.1983). But in the alternative, if the abuse of rights concept is applicable, there was justification for appellee's refusal to make a new dealership contract with appellant. *Illinois Central Gulf Ry. v. International Harvester Co., supra*, 368 So.2d at 1015.

The judgment of the district court is AFFIRMED.